IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT BAILEY, | ) | Case No. 4:18-cv-3132 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| CITY OF BELLEVUE, NEBRASKA, | ) | |
| a political subdivision of the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, City of Bellevue, Nebraska, a political subdivision of the State of Nebraska ("Defendant" or "City") and for its Answer to Plaintiff's Complaint, states as follows:

## I.    JURISDICTION AND VENUE

1.      Defendant admits the allegations of Paragraph 1.

2.      Defendant denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that Plaintiff filed a claim with Nebraska Equal Opportunity Commission ("NEOC) and the U.S. Equal Employment Opportunity Commission ("EEOC") which were dismissed and that those documents speak for themselves.  Defendant denies the remaining allegations of Paragraph 3, including subparagraphs a, b and c.

## II.    PARTIES

4.      Defendant admits that Plaintiff has been employed as a sworn law enforcement officer since March 7, 1996, and is currently a Sergeant within the police department.  Defendant denies the remaining allegations of Paragraph 4, including subparagraphs a, b and c.

5.      Defendant admits the allegations of Paragraph 5 of Plaintiff's Complaint.

### III.   STATEMENT OF CLIAMS AND ALLEGATIONS

6.      Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without information or knowledge sufficient to form a belief as to the content of the consultation between the Plaintiff and his physician.   Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without information or knowledge as to where the Plaintiff was going and why Plaintiff met with Chief Mark Elbert.  Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.      Defendant admits that Chief Mark Elbert and Captain Robert Wood communicated regarding Sgt. Baily, but Defendant denies the remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11.      Defendant admits that Sgt. Bailey notified Chief Albert that he was contemplating medical retirement.  Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.      Defendant admits that Sgt. Bailey informed Chief Mark Elbert that he would not be medically retiring.  Defendant denies the remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14.      Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15.      Defendant admits that Sgt. Bailey filed accommodation paperwork on or about July 2016, but Defendant denies the remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.      Defendant admits that a meeting occurred regarding Sgt. Bailey's accommodation

request, but Defendant denies the remaining allegations of Paragraph 16 of Plaintiff's Complaint.

17.     Defendant affirmatively states the November 4, 2016, letter speaks for itself, and denies each and every allegation not consistent with the terms of said document.   Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant affirmatively states that the November 18, 2016 letter speaks for itself although Plaintiff has disagreed with contents contained therein, and denies each and every allegation not consistent with the terms of said document.   Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that Chief Mark Elbert communicated with Plaintiff on or about November 19, 2016, but Defendant denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint.

21.     Defendant affirmatively states that any alleged, proven to be authenticated recording, speaks for itself and denies each and every allegation not consistent with the alleged authenticated recorded conversation.   Defendant is without information or knowledge sufficient to form a belief as to the feelings of Sgt. Baily set forth in subparagraph d.   Defendant denies the remaining allegations in Paragraph 21, including subparagraphs a, b, c and d.

22.     Defendant affirmatively states that any alleged recording, proven to be authenticated, speaks for itself and denies each and every allegation not consistent with the authenticated recorded conversation.   Defendant denies the remaining allegations in Paragraph 22, including subparagraphs a and b.

23.     Defendant affirmatively states that any alleged recording, proven to be authenticated, speaks for itself and denies each and every allegation not consistent with the

authenticated recorded conversation.  Defendant denies the remaining allegations in Paragraph 23.

24.     Defendant admits that Lt. Timothy Melvin had a discussion with Sgt. Bailey regarding answering the telephone and that Sgt. Bailey discussed his phone answering with Capt. Bob Wood and Capt. Stukenholtz.   Defendant denies the remaining allegations of Paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without information or knowledge sufficient to form a belief as to what Plaintiff's "surprise" may have been.  Defendant affirmatively states that the sworn testimony of Capt. Stukenholtz speaks for itself and denies each and every allegation not consistent with the contents of said sworn testimony.  Defendant denies the remaining allegations of Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations is Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant admits that Sgt. Bailey had a conversation with Capt. Wood, but denies the remaining allegations of Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint.

30.     Defendant admits that Sgt. Bailey had a conversation with Ms. Decker but denies that the conversation, as set forth in the allegations in Paragraph 30, is an accurate portrayal of the conversation, therefore Defendant denies the remaining allegations of Paragraph 30 of Plaintiff's Complaint.  The sworn testimony of Ms. Decker speaks for itself and Defendant denies each and every allegation not consistent with the sworn testimony.

31.     Defendant admits the allegations of Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint.

33.     Defendant is without information or knowledge sufficient to form a belief as to

Plaintiff's medical treatment as alleged. Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION – VIOLATION OF THE ADAAA:

## FAILURE TO ACCOMMODATE (42 U.S.C. § 12112(b)(5)(A))

34.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

35.     Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint, including subparagraphs a, b, c and d.

36.     Defendant denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION – VIOLATION OF THE ADAAA:

## RETALIATION (42 U.S.C. §12203(a))

39.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

40.     Defendant denies the allegations of Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations of Paragraph 41 of Plaintiff's Complaint.

42.     Defendant is without information or knowledge sufficient to form a belief as to the "belief" of Plaintiff, therefore Defendant denies the allegations of Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations of Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations of Paragraph 47 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION – VIOLATION OF THE ADAAA:

### INTERFERENCE (42 U.S.C.§ 12203(b))

48.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

49.     Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations of Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations of Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations of Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations of Paragraph 53 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION – VIOLATION OF NFEPA:

### FAILURE TO ACCOMMODATE (Neb. Rev. Stat. §§ 48-1104 & 48-1107.02(1)(e)

54.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

55.     Defendant denies the allegations of Paragraph 55 of Plaintiff's Complaint, including subparagraphs a, b, c and d.

56.     Defendant denies the allegations of Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations of Paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations of Paragraph 58 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION – VIOLATION OF NFEPA:

### RETALIATION (Neb. Rev. Stat. §48-1114)

59.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

60.     Defendant denies the allegations of Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations of Paragraph 61 of Plaintiff's Complaint.

62.     Defendant is without information or knowledge sufficient to form a belief as to the "belief" of Plaintiff, therefore Defendant denies the allegations of Paragraph 42 of Plaintiff's Complaint.

63.     Defendant denies the allegations of Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations of Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations of Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations of Paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations of Paragraph 67 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION – VIOLATION OF NFEPA:

## INTERFERENCE/HARASSMENT (Neb. Rev. Stat. §48-1104 & 48-1114)

68.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

69.     Defendant denies the allegations of Paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations of Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations of Paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations of Paragraph 73 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION – VIOLATION OF ADAAA:

## HOSTILE WORK ENVIORNMENT (42 U.S.C. § 12112(a))

74.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

75.     Defendant denies the allegations of Paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations of Paragraph 76 of Plaintiff's Complaint.

77.     Defendant denies the allegations of Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations of Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations of Paragraph 79 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION – VIOLATION OF NFEPA:

## HOSTILE WORK ENVIORNMENT (Neb. Rev. Stat §§ 48-1104 & 48-1107.02))

80.     Defendant admits and denies the allegations of Plaintiff's Complaint contained in the prior Paragraphs as previously admitted and denied above, incorporated by reference herein.

81.     Defendant denies the allegations of Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations of Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations of Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations of Paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations of Paragraph 85 of Plaintiff's Complaint.

86.     Defendant generally denies each and every other allegation of the Complaint, except those allegations specifically admitted herein and those allegations against the interests of the Plaintiff.

## AFFIRMATIVE DEFENSES

87.     The Complaint fails to state a claim upon which relief can be granted.

88.     Defendant's actions with respect to the allegations in the Complaint were legitimate, non-discriminatory and utilized good faith business judgment.

89.     Defendant has sufficiently accommodated the Plaintiff.

90.     Plaintiff did not request a reasonable accommodation.

91.     Plaintiff's claims are barred because any harm or damages he sustained were caused by his own actions and decisions.

92.     Defendant, at all times, acted in good faith to comply with all applicable equal employment laws and acted with reasonable grounds to believe that its actions did not violate the statues cited in Plaintiff's Complaint and Defendant asserts a lack of willfulness or intent to violate those statues as a defense to any claim by Plaintiff for liquidated or punitive damages.

93.     Plaintiff has failed to mitigate his damages.

94.     Plaintiff has not been damaged to the extent alleged in the Complaint.

95.     Plaintiff's allegations are time barred by the requisite statute of limitations.

96.     Any actions or inactions taken by any employee, agent, or representative of Defendant, were taken without consideration of Plaintiff's alleged disability, request for an accommodation, or age.  If Plaintiff establishes that Defendant's actions toward Plaintiff were based on a discriminatory motive, Defendant would have taken the same action despite any such unlawful motive.

97.     Plaintiff's claims are barred by the doctrines of waiver and estoppel.

98.     Plaintiff's claims are barred as Plaintiff is not a qualified or covered individual under the ADA and/or NFEPA.

99.     Plaintiff's claims are barred as he relinquished the same because Plaintiff's initial request for accommodation was voluntarily withdrawn and Plaintiff was notified by Defendant of his right to pursue the matter further but the Plaintiff failed to do so.

WHEREFORE, having fully answered, Defendant City of Bellevue, prays that the Plaintiff's Complaint by dismissed with prejudice, at Plaintiff's costs, and that Defendant be awarded its costs in connection with this litigation.

DATED this 11th Day of October, 2018.

CITY OF BELLEVUE, Defendant,

By:      */s/ Molly J. Miller*
Molly J. Miller, #25613
Patrick J. Sullivan, #20303
Travis M. Jacott, #26344
ADAMS & SULLIVAN, P.C., L.L.O.
1246 Golden Gate Drive, Suite 1
Papillion, Nebraska 68046-2843
Telephone:  (402) 339-9550
Facsimile:  (402) 339-0401
E-Mail:  miller@adamsandsullivan.com
         sullivan@adamsandsullivan.com
         jacott@adamsandsullivan.com
Attorneys for Defendant, City of Bellevue

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Thomas P. McCarty+
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.
530 South 13th St., Suite 100
Lincoln, NE 68508

*/s/ Molly J. Miller*
Molly J. Miller