IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT BAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BELLEVUE, NEBRASKA,<br>a political subdivision of the State of<br>Nebraska,<br><br>    Defendant. | 4:18-CV-3132<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the plaintiff's objection (filing 87) to the Magistrate Judge's order (filing 84) granting the defendant's motion (filing 72) for a Fed. R. Civ. P. 35 examination. The plaintiff argues that the defendant has not shown "good cause" for the examination because it can use the plaintiff's own medical records instead, and that the Magistrate Judge's order for a one-hour interview and three standard psychological tests is insufficiently specific. *See* filing 87.

  The Court finds no merit to the plaintiff's objection. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). That showing has plainly not been made here.

  The plaintiff's operative complaint (filing 27) alleges both discrimination on the basis of specified mental and physical disabilities, and the defendant's exacerbation of those conditions, clearly placing his mental and physical conditions in controversy and providing good cause for an examination to determine their existence and extent. *See Schlagenhauf v. Holder*, 379 U.S.

104, 119 (1964); *Winters v. Travia*, 495 F.2d 839, 841 (2d Cir. 1974). Rule 35 is to be liberally construed. *Schlagenhauf*, 379 U.S. at 121. The fact that records from the plaintiff's treating providers are available to the defendant does not preclude a Rule 35 examination by experts chosen by the defendant—the very purpose of Rule 35 is to provide a "level playing field" between the parties in appraising the plaintiff's condition. *O'Sullivan v. State of Minn.*, 176 F.R.D. 325, 327 (D. Minn. 1997). Nor is there any deficiency in the scope of the ordered examination. Accordingly,

IT IS ORDERED that the plaintiff's objection (filing 87) is overruled

Dated this 19th day of May, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge