# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT BAILEY, | |
| Plaintiff, | 4:18CV3132 |
| vs. | ORDER |
| CITY OF BELLEVUE, NEBRASKA, a political subdivision of the State of Nebraska, | |
| Defendant. | |

This matter is before the Court on the following discovery motions filed by Defendant, City of Bellevue, Nebraska: Motion to Compel Discovery (Filing No. 118); Motion for Leave to Serve Subpoena Duces Tecum (Filing No. 123); and Supplemental Motion for Leave to Serve Subpoena Duces Tecum. (Filing No. 156). For the following reasons, the Court will deny Defendant's motion to compel and grant Defendant's request for leave to serve the Rule 45 subpoenas.

## Defendant's Motion to Compel Discovery

On November 20, 2016, Plaintiff and his wife met with Chief Elbert. Plaintiff recorded that meeting on his cell phone. However, Plaintiff states he forgot to turn off the recorder after the meeting ended and recorded close to two hours of conversation between him and his wife on their drive home from the meeting and while at home. (Filing No. 119-1; Filing No. 147-2). Plaintiff provided Defendant with the recording of the meeting with Chief Elbert, but redacted the remainder of the recording after the meeting ended. Plaintiff maintains that the redacted portion of the recording contains only private communications between him and his wife, which are confidential and privileged marital communications. Plaintiff states he did not mean to continue recording after the meeting ended and intended for his conversations with his wife to remain private. (Filing No. 119-1; Filing No. 147-2). Defendant has filed the instant motion to compel disclosure of the entire recording. As ordered by the Court, see Filing No. 127, Plaintiff provided the undersigned magistrate judge with the withheld portion of the recording, which the Court reviewed *in camera*.

The marital confidential communications privilege prohibits testimony regarding private intra-spousal communications during the marriage. *United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992). For the privilege to apply, the communication (1) must be made during a valid marriage; (2) must be words or acts by one spouse that are intended as a communication to the other spouse, and (3) must be made in confidence. See *id.* Defendant argues the privilege is inapplicable to the redacted portion of the recording because Plaintiff's communications with his wife were not made in confidence. Defendant contends that, because Plaintiff chose to create the recording, he accepted the risk that he might record something he would want to keep confidential. Defendant also argues that Plaintiff waived the privilege because he did not take reasonable precautions to prevent his conversation from being recorded. Defendant asserts Plaintiff cannot selectively choose which part of the recording to use as evidence and which part to withhold. (Filing No. 120 at pp. 6-9).

In support of its position, Defendant cites *Wolfle v. United States*, 291 U.S. 7 (1934), wherein the court found that a letter dictated by a husband to his wife using a third-party stenographer was not privileged because the communication was disclosed to a third-party. The Court does not find *Wolfle* analogous to this case because there was no third-party present for Plaintiff and his wife's conversation after they left the meeting with Chief Elbert. The remainder of Defendant's cited cases are also distinguishable because of one key fact: the parties in those cases all knew, or were warned in advance, that their conversations were being recorded. In this case, it is clear that Plaintiff and his wife did not know or believe their conversation was being recorded after the meeting ended. This is evident after the Court's *in camera* review. No other person was privy to the conversations between Plaintiff and his wife, and it is apparent that they intended their conversations to be private. The recording abruptly ends a little after two hours when Plaintiff realized his cell phone was still recording. After review, the Court concludes Plaintiff properly withheld the portion of the recording after Plaintiff and his wife left the meeting with Chief Elbert on the basis of the marital confidential communications privilege, and will therefore deny Defendant's motion to compel.

**Defendant's Motion and Supplemental Motion for Leave to Serve Subpoenas**

In Plaintiff's expert disclosures provided to Defendant on July 29, 2020, Plaintiff's expert, Dr. Terry A. Davis, stated he had "not yet completed a formal and complete report" of his opinions

because there were "additional psychiatric records" of Plaintiff's that "may impact" his final opinions. (Filing No. 124-1 at p. 23). Specifically, Dr. Davis' report indicates Plaintiff reported he was previously hospitalized at the Douglas County Community Mental Health Center ("DCCM Health Center") and the Lasting Hope Recovery Center ("Lasting Hope"), which Plaintiff had not disclosed to Defendant. Therefore, on July 31, 2020, Defendant filed a motion asking the Court for leave to serve subpoenas duces tecum to those institutions to obtain records relating to Plaintiff's treatment there. (Filing No. 123). In response to that motion, Plaintiff filed a declaration stating he was mistaken about where he received treatment and believes he actually received treatment at The Spring Center and UNMC sometime in 2007. (Filing No. 149-1). Thereafter, Defendant filed a supplemental motion on August 26, 2020, asking for leave to serve subpoenas duces tecum on all four institutions to obtain any records of Plaintiff's psychiatric treatment. (Filing No. 156).

The Court's Second Amended Case Progression Order dated February 26, 2020, set May 15, 2020, as the deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure. (Filing No. 57). Therefore, as recognized by both parties, Defendant's request to serve Rule 45 subpoenas are untimely under the scheduling order. A scheduling order may be modified only for good cause. See Fed. R. Civ. P. 16(b)(4); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "To establish good cause, a party must show its diligence in attempting to meet the progression order." *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019). Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Plaintiff argues Defendant has not demonstrated good cause to untimely serve Rule 45 subpoenas because Defendant did not request the information sought by the subpoenas during discovery. Plaintiff also asserts that Plaintiff will be "highly prejudiced" if Defendant's motion is granted. Plaintiff points out that Defendant's interrogatories and requests for production served on Plaintiff only asked him to identify and produce record for health care providers for 10-years prior to the allegations in his complaint (i.e., dating back to 2009), but the subpoenas seek Plaintiff's medical records from 2007. Therefore, Defendant requested these documents for the first time after written discovery closed. Nevertheless, the Court finds that Defendant has

demonstrated good cause to permit the untimely service of Rule 45 subpoenas. It was Plaintiff's own expert that stated Plaintiff's mental health records and hospitalization from 2007 may impact the expert's final opinions. Defendant first received this expert report on July 29, 2020, and filed the instant motion two days later. Additionally, it is unlikely Plaintiff would have been willing to provide those records from 2007 during discovery as Plaintiff already objected to the 10-year time as being overbroad. See Filing No. 125 at p. 1. Plaintiff's mental health, including his claimed disabilities of major depression, panic disorder, and anxiety, are at issue in this case. It is in the interest of both Plaintiff and Defendant that they and their experts have all the records they need to accurately assess Plaintiff's condition. Because Defendant has established good cause, and because Plaintiff has not established undue prejudice, the Court will permit Defendant to serve the Rule 45 subpoenas on the non-parties as requested in its supplemental motion. Upon consideration,

**IT IS ORDERED:**

1. Defendant's Motion to Compel Discovery (Filing No. 118) is denied;
2. Defendant's Motion for Leave to Serve Subpoena Duces Tecum (Filing No. 123) is denied as moot; and
3. Defendant's Supplemental Motion for Leave to Serve Subpoena Duces Tecum (Filing No. 156) is granted.

Dated this 16th day of September, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge