# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT BAILEY,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF BELLEVUE, NEBRASKA, a political subdivision of the State of Nebraska,<br><br>            Defendant. | 4:18CV3132<br><br>ORDER |

       This matter is before the Court on the Motion to Strike ([Filing No. 243](#)) filed by Defendant, the City of Bellevue, Nebraska. Defendant moves to strike six witnesses from Plaintiff's trial witness list because Plaintiff failed to disclose those witnesses prior to May 21, 2021, in accordance with Rule 26(a) of the Federal Rules of Civil Procedure. During the pretrial conference, Plaintiff agreed to remove four of the six witnesses, and in Plaintiff's response to Defendant's motion Plaintiff agreed to further remove Greg Young as a witness. ([Filing No. 251](#)). One disputed witness remains on Plaintiff's witness list, Tom McCarty. McCarty is Plaintiff's former attorney that filed this lawsuit and was involved with Plaintiff's requests for accommodations from Defendant. ([Filing No. 1](#); [Filing No. 251 at p. 2](#)). For the following reasons, the Court will grant Defendant's request to strike McCarty as a witness because he was not timely disclosed and such failure to disclose was not substantially justified or is harmless.

       Federal Rule of Civil Procedure 26(a) requires parties to make certain initial and mandatory disclosures, including providing other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party later learns a disclosure is incomplete or incorrect, the party "must supplement or correct its disclosures . . . in a timely manner." Fed. R. Civ. P. 26(e)(1). If a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Under Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on a party's motion."

*Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018); see also Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)."). "[I]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was . . . deserving of some lesser sanction." *Vanderberg*, 906 F.3d at 705 (finding "the district court did not abuse its discretion by not imposing a lesser sanction [than exclusion] when [the sanctioned party] never requested one.")(citation omitted).

The Court must first determine whether Plaintiff failed to identify McCarty as a witness under Rule 26(a)(1). Plaintiff did not specifically identify McCarty in his initial Rule 26(a)(1) disclosures served on January 15, 2019, (Filing No. 244-2), nor in his second Rule 26(a)(1) disclosures served on Defendant on October 10, 2019, (Filing No. 244-3). This could be, in part, because McCarty was representing Plaintiff in this litigation and was the attorney serving those disclosures on Defendant.[1] The first time McCarty was specifically identified as a witness was on May 21, 2021, in Plaintiff's witness list prepared for the June 14, 2021, trial date.

Plaintiff maintains he adequately identified McCarty as a witness under Rule 26(a)(1) because Plaintiff's Rule 26(a)(1) disclosures generally identified "Persons referenced in the documents identified [in these disclosures] regarding their knowledge of the matters set forth therein," and several of the listed documents contain McCarty's name. (Filing No. 251 at p. 2; Filing No. 244-3 at p. 7). For example, document 63 is a "Letter from Molly Miller to Plaintiff's Attorney Tom McCarty dated October 19, 2017." (Filing No. 244-3 at p. 11). But, Molly Miller *was* separately identified as a witness, whereas McCarty was not. McCarty was not separately identified as a witness until Plaintiff disclosed his trial witness list on May 21, 2021.

The Court is persuaded that Plaintiff's general reference to a large number of documents, some of which contained McCarty's name, was insufficient to meet the disclosure requirements of Rule 26(a)(1). For example, in *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, No. C11-4017-MWB, 2013 WL 12155316, at *1 (N.D. Iowa Aug. 28, 2013), the plaintiff argued it timely disclosed six trial witnesses because the plaintiff had referred to medical records in its Rule 26(a) initial disclosures and in its interrogatory answers, and those witnesses' names were contained within the medical records. The court rejected the plaintiff's argument, concluding:

---

[1] McCarty was granted leave to withdraw as Plaintiff's counsel in this case on March 11, 2020. (Filing No. 46).

> The fact that the names of these six disputed witnesses might appear somewhere in hundreds of pages of documents (or, as the case may be, on a videotape), does not satisfy plaintiff's disclosure obligations. Plaintiff had a full and fair opportunity during the course of discovery to decide which medical providers are important to its case (i.e., which ones it "may use to support its claims") and to disclose those providers by name. Plaintiff was not entitled to force defendant to make guesses about which individuals, out of dozens of names, might have enough relevant information to be called as witnesses for the plaintiff at trial.

*Abbott Labs.*, 2013 WL 12155316, at *3; accord *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 656 (N.D. Iowa 2009)(concluding that "references to a person in various documents produced in discovery, even dozens of such documents, and use of some of those documents by the opposing party in further depositions or discovery," did not comply with Rule 26(a) for purposes of identifying witnesses).

Here, Plaintiff's initial disclosures did not specifically list the name and address of McCarty as a witness, nor describe the subjects of the discoverable information he may have, nor did Plaintiff provide any subsequent supplemental disclosures containing that information until June 1, 2021, after Defendant filed this motion to strike. As noted by Defendant, nearly thirty depositions have been taken in this case and thousands of pages of documents have been provided in discovery; Defendant should not have to "make guesses about which individuals, out of dozens of names, might have enough relevant information to be called as witnesses for the plaintiff at trial." Under the circumstances, the Court finds Plaintiff did not properly identify McCarty as a witness as required by Rule 26(a)(1). See *Abbott Labs.*, 2013 WL 12155316, at *3 ("Preparation of a witness list shortly before trial is not, even arguably, the correct time to put a witness's name in writing for the first time. Instead, it is the time to indicate which of the individuals previously identified will actually testify at trial.").

Once the court determines there has been a violation of Rule 26(a), the burden is on the potentially sanctioned party to prove justification or harmlessness in order to avoid the self-executing sanction of exclusion. See *Vanderberg*, 906 F.3d at 705; Fed. R. Civ. P. 37(c)(1). Here, Plaintiff primarily argues Defendant will not be harmed because McCarty is not an unknown individual or surprise witness, and McCarty is available to be deposed next week. Plaintiff also points to defense counsel's acknowledgement during the pretrial conference that Defendant "had considered deposing Tom McCarty but had decided against it." ([Filing No. 251 at p. 1](#)).

It is true that McCarty would not necessarily be a "surprise" witness or that the areas of his knowledge would be completely unknown to Defendant. But if anything, that further supports Defendant's position that McCarty was not appropriately identified as a witness under Rule 26(a)(1) and that the failure to identify McCarty is not harmless or justified. Had Plaintiff timely disclosed McCarty as a witness and the subject matter upon which he would be called to testify, Defendant would have been able to make a fully informed decision as to whether to depose McCarty during discovery rather than one-week prior to trial. Additionally, it was even more crucial for Plaintiff to specifically identify McCarty as a witness and the subject matter of his potential testimony because McCarty represented Plaintiff throughout this litigation until March 11, 2020. Without specific indication McCarty would be a potential fact witness in Plaintiff's case, Defense counsel would rightly be hesitant to notice a deposition of former opposing counsel or assume former counsel would be testifying at Plaintiff's trial.

During the pretrial conference, Plaintiff's counsel appeared to indicate McCarty's role as a witness would be rather limited and that his deposition could easily be accomplished next week prior to trial. But, in Plaintiff's Third Supplemental Disclosures, provided to Defendant on June 1, 2021, Plaintiff identifies several topics from 2016 to 2019 that McCarty could testify about:

> Mr. McCarty and Mr. Young have knowledge of the September 2016 complaints filed on behalf of multiple members of the Bellevue Police Officers Union and other employee(s) of the City of Bellevue regarding the alleged unethical, harassing, and/or illegal actions and/or alleged misconduct by former BPD Chief, Mark Elbert, involving said City of Bellevue employees. They also possess information regarding meetings and communications with elected officials, other management level employees of the City of Bellevue, and/or high ranking BPD officers regarding the 2016 complaints, the investigation related thereto, Plaintiffs 2017 requests for reasonable accommodation made to the Defendant, defendant's responses thereto, including, but not limited to, Defendant's directive that Bailey move to the front desk sergeant position in November 2017, the alleged undue burden to Defendant, and meetings, communications, and alleged interactive process with Defendant's attorneys, management employees and/or high ranking BPD officials related to Plaintiffs 2017 reasonable accommodation requests, 2017-2019 complaints filed against BPD employees by Plaintiff regarding the alleged continuing illegal conduct of the Defendant's employees, and Bailey's separation from employment in June 2019. Mr. McCarty and Mr. Young can lay foundation for certain documents exchanged in discovery and/or deposition and/or trial exhibits.

([Filing No. 250-6 at p. 8](#)).  In reviewing such disclosure, it is apparent that the scope of McCarty's potential testimony is much broader than was previously indicated.  The Court and the parties are preparing to proceed with trial on June 14, 2021. Although Plaintiff has indicated McCarty could be deposed next week, the Court will not thrust the additional burden upon Defendant to take a last-minute, substantial discovery deposition in the middle of trial preparation to remedy to Plaintiff's failure to timely and properly disclose McCarty as a witness.  See, e.g., *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, No. 4:18-CV-0236-DGK, 2019 WL 302514, at *5 (W.D. Mo. Jan. 23, 2019)(rejecting the plaintiff's argument that failure to timely disclose witness was harmless because the witness could be deposed).  Under the circumstances, the Court finds Plaintiff did not properly and timely disclose McCarty as a witness pursuant to Rule 26(a)(1), and that such omission was not substantially justified or is harmless.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike ([Filing No. 243](#)) is granted.  Tom McCarty and Greg Young are stricken as witnesses from Plaintiff's trial witness list.

Dated this 3rd day of June, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge